# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **ANTHONY C. MARTIN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )     **CAUSE NO. 1:09-cv-321** |
| | ) |
| **MATTHEW TEUSCH, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

Anthony C. Martin is again asking that the Court recruit counsel to represent him in a case brought under 42 U.S.C. §1983. (Docket # 51.) Following the initial scheduling conference that motion was taken under advisement (Docket # 54), and he was supplied with a Questionnaire that has now been filed. (Docket # 55.)

Because this case is not difficult, and because Martin is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address

"both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

Applying the foregoing two-fold inquiry to the instant case, it is evident that Martin is competent to represent himself. In this instance, he poses a relatively straightforward § 1983 action against two Indiana State Police officers, as well as unnamed Fort Wayne police officers

---

[1] In his motion, Martin claims several unsuccessful attempts to secure counsel and then provides the names and addresses of four attorneys. (Docket # 51.) Martin's clear implication is that he talked to these attorneys and they refused to take his case. This assertion, however, appears to be an attempt to mislead the Court, as one attorney on his list is a long-serving state court judge (*i.e.*, David Avery) and another predeceased the events of this case (*i.e.*, John Knight). Even more telling, on the Questionnaire, where he was required to respond "under the penalty of perjury," Martin omits those two names without explanation. (Docket # 55.)

In any event, Martin's inability to secure counsel is some indication that his case lacks merit and that appointing counsel will not make a difference in the outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

and Allen County confinement officers. In his case against the Indiana State Police officers, Martin claims that he was arrested without probable cause and that his vehicle was searched in violation of the Fourth Amendment. He also claims that when he was taken to the Allen County Jail, unreasonable and excessive force was applied by the State Police officers together with the Fort Wayne and jail confinement officers. (Docket # 1.) Therefore, the first factor–the difficulty of his claims–cuts against Martin's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Furthermore, at the initial scheduling conference, discovery was opened for the limited purpose of affording Martin the opportunity to learn the names of the unnamed Defendants. Clearly, he has the ability to proceed that far, and given his litigation experience, much farther. Any remaining discovery on the merits is likely to be limited, particularly since Martin has first-hand knowledge about what occurred, aided perhaps by another witness, Alexandria Erickson, who has already provided him with a statement concerning the events of the vehicle stop and search.

And it must be remembered that Martin is an experienced *pro se* litigator, as he has previously represented himself here in many other cases. *See, e.g, Martin v. Astrue,* No. 1:08-cv-00046, 2009 WL 187716 (N.D. Ind. Jan. 26, 2009); *Martin v. City of Fort Wayne*, No. 1:08-cv-195, 2008 WL 5235984 (N.D. Ind. Dec. 15, 2008); *Martin v. Fort Wayne Police Dept.,* No. 1:04-cv-00450, 2005 WL 3118020 (N.D. Ind. Nov. 21, 2005). In fact, he pursued one case to conclusion at the Seventh Circuit Court of Appeals. (*See* Docket # 40 in *Martin v. Astrue,* No. 1:08-cv-00046 (N.D. Ind. Jan. 26, 2009)). Indeed, at present, he is actively litigating three other

§ 1983 cases. *See Martin v. Dupont Hosp.,* No. 1:09-cv-47 (N.D. Ind. filed Feb. 20, 2009); *Martin v. Nicklow*, No. 1:09-cv-48 (N.D. Ind. filed Feb. 20, 2009); *Martin v. Kinsey*, No. 1:09-cv-74 (N.D. Ind. filed Mar. 23, 2009). In each of those cases he has participated in hearings, diligently pursued discovery, and engaged in motion practice.[2]

Of course, the Court has also observed through Martin's many court appearances that he has reasonably good communication skills, at least at a sufficient level to proceed *pro se*. Moreover, he is not presently incarcerated and thus has the freedom to perform his own research, which he clearly does. Overall then, the second factor of the two-fold inquiry–the plaintiff's competence to litigate the claims himself–also fails to support his request for counsel.

Consequently, since Martin appears quite competent to adequately handle this litigation, his motion asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For these reasons, Martin's motion requesting the appointment of counsel (Docket # 51) is DENIED. He is, of course, free to attempt to secure counsel on his own.

Enter for this 3rd day of March, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] Martin's litigation experience actually goes further; however, the Court does not deem it necessary to catalogue all the § 1983 cases that he has filed but which have been dismissed, including those dismissed as a sanction. (*See, e.g.*, *Martin v. Fort Wayne Police Dept.*, No. 1:09-cv-154 (N.D. Ind. June 17, 2009).

4