# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:09-CV-321 JVB |
| | ) |
| | ) |
| MATTHEW TEUSCH, *et al.* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Anthony Martin sued eleven defendants, including multiple law enforcement agencies and officers, pursuant to 42 U.S.C. § 1983 for actions stemming from a traffic stop and his subsequent arrest. Defendants Fort Wayne Police Department and unknown Fort Wayne Police Officers moved to dismiss the charges against them pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff failed to state a claim upon which relief can be granted. For the reasons stated below, Defendants' motion is granted in part and denied in part.

**A.     Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Because Plaintiff is proceeding *pro se,* his pleadings are held to a less stringent standard than those of a represented party. *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Thus, courts liberally construe *pro se* complaints. *Id.* (citation omitted); *see also Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir.1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally."). However, "[a]lthough civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996) (citation omitted).

**B.     Factual and Procedural Background**

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

On September 10, 2009, police officers stopped a vehicle driven by Plaintiff Anthony Martin. The officers gave Plaintiff multiple field sobriety tests, all of which Plaintiff claims he passed. Plaintiff alleges that the officers subsequently unlawfully searched his vehicle and arrested him. Plaintiff was taken to Allen County Lockup where Officer Teusch took him to a back room and searched him. Plaintiff maintains that during this search, Officer Teusch touched him inside his pants, and that when he tried to turn around to see why he was being touched inappropriately, another officer yelled "he's resisting." At this time, Plaintiff alleges he was taken to the ground and punched, kicked, and choked by officers. While Plaintiff is unsure who these officers were, he claims he saw Fort Wayne Police Department uniforms, Allen County Sheriff uniforms, and Indiana State Police uniforms. (Compl. at ¶ 1).

Plaintiff sued Defendants Matthew Teusch, Jason Ward, the Indiana State Police Department, two unknown Fort Wayne Police Officers, the Fort Wayne Police Department, four unknown Allen County Sheriff Booking Officers, and the Allen County Sheriff Department on November 19, 2009. Plaintiff claims the Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights. Defendants Fort Wayne Police Department and unknown Fort Wayne Police Officers filed a motion to dismiss on January 13, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6), in which they maintain Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief can be granted.

**C.     Discussion**

Defendants make two arguments in their Motion to Dismiss. First, they assert that the Fort Wayne Police Department is not a suable entity under 42 U.S.C. § 1983. Second, they maintain that the unknown Fort Wayne Police Officers should be dismissed from this suit because Plaintiff has failed to allege facts that would put any Fort Wayne police officer on notice that he or she is being sued. The Court will address each of these arguments in order.

Municipalities are subject to suit for constitutional violations pursuant to 42 U.S.C. §1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, a city's police department is not a suable entity apart from the municipality. *See West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997) (noting that Indiana municipal police departments lacked capacity to be sued). As a result, Defendant Fort Wayne Police Department's Motion to Dismiss is granted, and Plaintiff is given leave to amend his complaint should he choose to sue the City of Fort Wayne, a suable entity for Section 1983 purposes. If Plaintiff chooses to amend his complaint to include the City of Fort Wayne as a defendant, he must properly serve the City in compliance with Federal Rule of Civil Procedure 4.

Defendants next maintain that Plaintiff's complaint does not allege facts specific enough to maintain suit against the unknown Fort Wayne Police Officers. In his complaint, Plaintiff alleges that he saw Fort Wayne police uniforms as he was being punched, kicked, and choked while in custody at the Allen County lockup. Plaintiff's response to Defendants' motion contains additional facts that he did not plead in his complaint. There, he alleges that he saw at least three Fort Wayne Police Officers at the scene of his traffic stop, and that at least two of these officers participated in hitting, kicking, and punching him. While Defendants urge that these facts should

4

not be considered because they are not contained within Plaintiff's complaint, the Court recognizes that pro se litigants are held to a less stringent pleading standard than those represented by counsel. As such, a pro se litigant should be allowed ample opportunity to amend his complaint when it appears that doing so would allow him to state a meritorious claim. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Furthermore, although the Plaintiff is unable to name the unknown officers at this point, this does not mean these officers should be dismissed from the case. *See Smith-Bey v. Hosp. Administrator*, 841 F.2d 751, 759 (7th Cir. 1988) ("The mere inability to state the individual defendants by name, however, does not warrant dismissal of a claim if the allegations in the complaint allow for the specific persons to be subsequently identified with reasonable certainty."); *Maclin v. Paulson*, 627 F.2d 83, 87–88 (7th Cir. 1980) (indicating that when a "party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court."). Therefore, Defendants' motion to dismiss the unknown Fort Wayne Police Officers is denied, and Plaintiff is granted leave to amend his complaint to include these additional facts, if he so chooses.

**D.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss (DE 34) is GRANTED regarding Defendant Fort Wayne Police Department and DENIED as to Defendants Unknown Fort Wayne Police Officers. Plaintiff is granted leave until April 30, 2010, to amend his complaint.

SO ORDERED on April 9, 2010.

                                            s/ Joseph S. Van Bokkelen
                                            Joseph S. Van Bokkelen
                                            United States District Judge