**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **ANTHONY C. MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:09-cv-321** |
| | ) | |
| **MATTHEW TEUSCH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Anthony C. Martin filed a Motion (DE# 95) on May 28, 2010, called a "Motion for a More Definite Statement." Each Defendant filed an Objection (DE# 106, 107, 108) asking that the motion be denied as having no factual basis.

Briefly stated, this 42 U.S.C. § 1983 case stems, at least in part, from an incident that occurred on September 10, 2009, when Martin was arrested after his vehicle was stopped by an Indiana State Police Officer. Fort Wayne Police Officers Gerardot and Hoffman maintain that they had no connection with Martin's arrest, and Allen County Sheriff's Deputies Cook, Petrie, Thomas, and Wymer take a similar stand.

Now, however, Martin contends in his motion that the discovery he recently received from the Indiana State Police in the form of a CD shows that the Fort Wayne Police Officers and Allen County Sheriff's Deputies actually were present and thus must have documents and records that should be produced. On the other hand, the Defendants, including the Indiana State Police—which actually produced the CD, all maintain that Martin is wrong on this point.

Martin has not offered a timely reply as contemplated by Local Rule 7.1(a), and it is unclear what relief he is actually seeking from the Court. However, he probably wants the

Defendants to be compelled to supplement their discovery responses concerning the events of that night. (*See* Pl.'s Mot. 4.)

At this point, the Court cannot grant Martin's purported motion to compel under Federal Rule of Civil Procedure 37(a)(3)(A) because it is unclear what documents he believes should have been produced under Federal Rule of Civil Procedure 26(a)(1)(A)(ii). Furthermore, it is even less clear that those documents must be produced (if they even exist), because they may not be something the Defendants "may use to support [their] claims or defenses . . . [.]" Fed. R. Civ. P. 26(a)(1)(A).

Of course, Martin has apparently served the Defendants with both an initial request for the production of certain documents under Federal Rule of Civil Procedure 34, as well as a second request. However, not all of the responses, if any, are in the record and so the Court cannot gauge whether the motion under Rule 37(a)(3)(B)(iv) is well-taken. For his part, Martin does not point to a specific request that he believes remains unanswered.

Finally, Martin has not filed a certification under Rule 37(d)(1)(B) that he attempted to resolve the issue with counsel before filing his motion. Consequently, his motion is subject to denial on this basis as well.

For the foregoing reasons, Martin's motion requesting a more definite statement (DE# 95), but which the Court considers to be a motion to compel, is DENIED without prejudice.

Enter for this 15th day of June, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge