| | | |
|---|---|---|
| **ANTHONY C. MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:09-cv-321** |
| | ) | |
| **MATTHEW TEUSCH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Strike the *pro se* Plaintiff's

untimely discovery. (Docket # 161.)  The Defendants ask the Court to strike three sets of

Requests for Admissions (Docket ## 158, 159, and 160) that the Plaintiff filed on May 20,

2011—nearly six months after the November 16, 2010, close of discovery. (*See* Docket # 121.)

On May 24, 2011, the Court ordered the Plaintiff to file a Response to the Motion by June 10,

2011, yet he has failed to do so.

The Court imposes discovery deadlines with the clear expectation that the parties will

abide by them, absent some showing of good cause for an appropriate enlargement.  Indeed,

"[c]ourts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure

prompt and orderly litigation." *United States v.1948 S. Martin Luther King Jr. Dr.*, 270 F.3d

1102, 1110 (7th Cir. 2001).  In addition, just because the Plaintiff is proceeding *pro se* does not

mean he has special dispensation when it comes to the procedural rules. *See Faretta v.*

*California*, 422 U.S. 806, 834-35 n. 46 (1975) (proceeding *pro se* is not a license to disregard the

relevant rules of procedural and substantive law.); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th

Cir. 2001); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[Procedural] rules apply to

uncounseled litigants and must be enforced.").

Here, the Plaintiff had ample time to file his discovery requests or seek an extension of time, yet he inexplicably chose not to. Instead, he filed a barrage of discovery requests almost six months after the November 16, 2010, deadline for the completion of all discovery. Furthermore, the Plaintiff has not responded to the Defendants' Motion to Strike, and apparently does not oppose the Motion. *See* N.D. Ind. L.R. 7.1(a) (explaining that "[f]ailure to file a response or reply within the time prescribed may subject the motion to summary ruling."); *see also Niebur v. Town of Cicero*, 90 F. Supp. 2d 930, 931-32 (N.D. Ill. 2000) (dismissing claim because plaintiffs did not oppose the motion to dismiss). Accordingly, the Defendants' Motion to Strike (Docket # 161) is GRANTED and the Clerk is directed to strike the Plaintiff's belated discovery requests. (Docket ## 158, 159, and 160.)


SO ORDERED

Enter for June 17, 2011

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge