**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **ANTHONY C. MARTIN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MATTHEW TEUSCH, et al.,** )<br>)<br>**Defendants.** ) | **CAUSE NO. 1:09-CV-321** |

## OPINION AND ORDER

Before the Court are three motions to reconsider (Docket # 165, 166, 167) filed by *pro se* Plaintiff Anthony Martin, requesting that the Court reconsider its Opinion and Order dated June 17, 2011 (Docket # 164), granting Defendants' motion to strike three sets of requests for admissions filed by Martin nearly six months after the November 16, 2010, close of discovery. A hearing was held today on the motion, with Martin appearing in person and counsel for Defendants appearing telephonically, and oral argument on the motion was heard and concluded. (Docket # 172.)

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70.

Here, Martin argues that his motion to reconsider should be granted and Defendants ordered to answer his request for admissions, because he purportedly never received a copy of Defendants' May 24, 2011, motion to strike (a frequent refrain of Martin in his other cases).[1] However, even accepting that assertion as true, Martin does not claim that he failed to receive the Court's Order dated that same day, affording him until June 10, 2011, to file a response to the motion to strike (Docket # 162), and this should have at least prompted some inquiry. Indeed, the Court did not strike the requests for admissions *until nearly one month later*, on June 17, 2011, noting at that time Martin's lack of response to the motion. (Docket # 164.) "Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269-70.

Of course, the real problem with Martin's discovery and his motion to reconsider is that he submitted his discovery much too late. Martin, however, suggests that the reason he initiated discovery so late (nearly six months beyond the deadline) was because he did not receive adequate discovery responses from Defendants during the nine months that discovery was open. Martin's contention, however, is undercut by his failure to file a motion to compel at the time, and still does not explain why he failed to file requests for admissions within the discovery period, or why he waited six more months to do so. *See generally Holliday v. WSIE 88.7 FM Radio Station*, No. 04-237-MJR, 2007 WL 1594986, at *1 (S.D. Ill. June 1, 2007) ("The court considers requests for admissions to be a form of discovery, and to be governed by the discovery deadline."); *Shroyer v. Vaughn*, No. 1:00-CV-256, 2002 WL 32144316, at *2 n.2 (N.D. Ind. July

---

[1] Because Martin has, in the past, alleged that he failed to receive court-related mailings, he has been admonished to check the record in the Clerk's office on a frequent basis. It appears that Martin did not follow that admonishment here.

10, 2002) (agreeing with the majority view that requests for admissions are discovery subject to the discovery deadlines). Thus, Martin does not establish either good cause for his extraordinary delay, Fed. R. Civ. P. 16(b)(3), or excusable neglect, Fed. R. Civ. P. 6(b)(1)(B), and his untimely requests for admissions were therefore properly stricken.

In short, no "manifest error of law or fact" was committed in striking Martin's delinquent discovery requests. *Caisse Nationale*, 90 F.3d at 1269. Accordingly, upon reconsideration the Court's original determination will remain undisturbed, and Martin's motions to reconsider (Docket # 165, 166, 167) are DENIED.

SO ORDERED.

Enter for this 12th day of July, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge