UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Anthony C. Martin, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:09-CV-321 JVB ) |
| Matthew Teusch, Jason Ward, Indiana State Police, Fort Wayne Officer Gerardot, Fort Wayne Officer Hoffman, Allen County Officers Cook, Petrie, Thomas, Wymer, Unknown Allen County Booking Officers, Allen County Sherriff's Department | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

In this § 1983 lawsuit, *pro se* Plaintiff Anthony Martin complains Defendants violated his civil rights during his traffic stop, arrest, and booking into jail on September 10, 2009. He claims the Defendants wrongfully detained him and used excessive force during his arrest and booking, causing physical injuries and emotional distress. Plaintiff asserts that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights.

After discovery closed, Defendants Indiana State Police, Troopers Matthew Teusch and Jason Ward, and Fort Wayne Police Officers Chris Hoffman and Mark Gerardot moved for summary judgment on all Plaintiff's claims. Defendants Allen County Sheriff's Office, Unknown Allen County Booking Officers, and Allen County Officers Petrie, Cook, and Wymer ("County Defendants") moved for partial summary judgment on Plaintiff's claims arising from the traffic stop, search, and arrest. Plaintiff responded to each of these motions and each

Defendant served a reply brief to those responses. Upon review, the Court grants partial summary judgment as detailed below.

**A. Summary of Events**

**(1)** *Plaintiff's Traffic Stop, Search, and Arrest*

Defendant Trooper Matthew Teusch pulled over Plaintiff Anthony Martin and his friend Alexandria Erickson just after midnight on September 10, 2009. (DE 1 at 2.) Trooper Teusch stopped Plaintiff because he was driving without headlights and the truck's licence-plate was not illuminated. (DE 136-2 at 1.) After approaching Plaintiff, Teusch smelled alcohol and marijuana odors coming from inside the truck. (*Id*. at 2.) Ms. Erickson states that Teusch seemed agitated and ordered Plaintiff from the truck. (DE 1 at 5.) Teusch searched Plaintiff and gave several field sobriety tests, indicating Plaintiff was legally sober with a .014 BAC. (DE 136-2 at 3.)

After completing those tests, Teusch called for backup. (DE 136-2 at 3.) Plaintiff became "irate" and raised his voice after being told about the suspected marijuana smell. (DE 136-1 at 9.) Shining a light around the driver's seat, Teusch spotted a chunk of green leaves that later tested positive for marijuana. (*Id*.) Teusch advised Plaintiff of his Miranda rights, handcuffed him, and placed him in the passenger seat of his police car. (*Id*.) Teusch next searched Ms. Erickson. (DE 1 at 5.) Trooper Matthew Ward arrived at the scene to assist with the search and arrest. (DE 136-2 at 4.)

Teusch searched Plaintiff's truck, where he found a bag of marijuana stuffed between the seats. (DE 136-2 at 4.) According to Teusch, Plaintiff was highly agitated and was screaming for a police sergeant. (*Id*.)

According to Plaintiff and Ms. Erickson, two Fort Wayne police cars arrived nearby during their traffic stop. Plaintiff asserts three Ft. Wayne officers, two male and one female, insulted him as he sat in the police car. He described one as "tall" and one wearing a nametag with a "G" and an "I". (DE 136-1 at 10.) Plaintiff further claims Troopers Teusch and Ward took him from the state trooper car, roughly searched him, and then the Fort Wayne officers shoved him roughly back into the state police car. (*Id*. at 11-12.) Plaintiff admits to "yelling and banging" after being placed in the police car. (*Id*. at 12.)

Plaintiff named Ft. Wayne Officers Mark Gerardot and Chris Hoffman in the amended complaint. Officer Gerardot denies any contact with Plaintiff during his arrest. (DE 143-3 at 1.) Officer Hoffman denies being present at Plaintiff's arrest, and submitted his patrol log and incident report for that night. (DE 143-1.) They show that Hoffman was at address 4900 Devonshire arresting another individual during Plaintiff's arrest.

All Allen County defendants deny being part of the arrest scene, and Plaintiff himself agrees with this statement. (DE 136-1 at 27.)

Plaintiff's claims for personal injury during the arrest are not clear. He complains of chronic back pain from three bullets previously lodged in his body, and speculates that the arresting officer's movements dislodged the bullets painfully. (DE 136-1 at 18-19.) He also maintains the searching officers damaged his truck during the search by cutting the seats and removing a fender. He claims a repair cost of $1,800. (DE 136-1 at 21.)

**(2)** *Plaintiff's Booking into the Allen County Lockup*

Trooper Teusch transported Plaintiff to the Allen County lockup around 1 a.m. (DE 143-2 at 7.) Teusch took Plaintiff to a room to be searched as part of the booking process. (DE 143-5 at

3

10.) During a search of his groin area, Plaintiff "spun" away from the searching officer, and Plaintiff claims four-to-seven officers, including Trooper Teusch and Officer Hoffman, took him to the ground, punched, kicked, and choked him. (DE 143-5 at 11-12.) Plaintiff claims injuries to his wrists, bruising, and a jaw injury that results in a "popping" when he moves his jaw. (DE 136-1 at 30.)

Trooper Teusch says that during Plaintiff's search, he spotted a plastic bag sticking up from Plaintiff's waistband and restrained Plaintiff's hands to seize the bag. (DE 136-2 at 5.) The bag was hidden in Plaintiff's underwear and contained more marijuana. (*Id*.) After Teusch seized the marijuana bag, Allen County correctional officers "performed a full search." (*Id*.)

Officer Hoffman denies seeing Plaintiff at the lockup as does Officer Gerardot. (DE 143-1 at 3; DE 143-3 at 2.) The Allen County lockup activity logs for that night show Trooper Teusch brought in Plaintiff at 1 a.m., and Plaintiff's processing into the jail was complete at 1:23 a.m. (DE 143-2 at 7.) The logs show Officer Hoffman in the lockup at 1:45 a.m., and Officer Gerardot there at 2:25 a.m. (*Id*.) Allen County Officers Cook, Petrie, Wymer, and Thomas worked the active areas of the lockup that night. (*Id*. at 6.)

**(3)** *Indiana Criminal Proceedings*

The Allen County Superior Court case summary shows that the State of Indiana charged Plaintiff with marijuana possession following his arrest. (DE 143-4 at 1.) Court records indicate Plaintiff plead guilty to marijuana possession on April 6, 2010. (DE 136-8 at 1; DE 136-9 at 5.) Plaintiff's driver's abstract also shows a conviction for marijuana possession on that same date. Plaintiff claims this conviction is in error and intends to appeal it. (DE 136-1 at 16.)

4

## C. Summary Judgment Standard

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the

matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**D. Section 1983 Standards**

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of his rights guaranteed by the First, Fourth, Eighth, and Fourteenth Amendments. Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687 n.9 (1999). A cause of action may be brought under § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction therefor to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

The plaintiff must demonstrate that the defendant personally participated in or directly caused the deprivation of his or her rights. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). The doctrine of *respondeat superior* cannot be used under § 1983 to create supervisors' liability due to the misconduct of subordinates. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Instead, the plaintiff must demonstrate that the defendant was personally responsible by "act[ing] or fail[ing] to act with a deliberate or reckless disregard of plaintiff's constitutional rights," or that "the conduct causing the constitutional deprivation occur[red] at [the defendant's] direction or with [the defendant's] knowledge or consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

**E. Officer Gerardot and Officer Hoffman's Motion to Strike**

On May 19, 2011, Officers Gerardot and Hoffman moved to strike portions of Plaintiff's response to their summary judgment motion. They argue that the Plaintiff's allegation they "violated a federal right" states legal conclusions not within Plaintiff's personal knowledge. Further, they argue that Plaintiff's assertion they participated in his traffic stop and arrest directly contradicts Plaintiff's own sworn testimony. Plaintiff did not respond to the motion to strike.

The Court finds that the motion to strike is moot. The Court does not rely on inadmissible evidence in considering summary judgment motions, and the contested portions of Plaintiff's response do not affect the Court's findings. Therefore, Defendants Gerardot and Hoffman's motion to strike is denied.

**F. Defendant Indiana State Police Is Immune from Suit**

States and their agencies are protected from suit by the Eleventh Amendment, and they are not "persons" liable to suit under §1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989). Plaintiff names the Indiana State Police as a defendant. The Indiana State Police asserts it is not a "person" liable for suit under §1983. Plaintiff did not respond to this assertion, and offers no evidence Indiana waived its sovereign immunity in this matter. Consequently, the Court grants summary judgment for the Indiana State Police on all Plaintiff's claims.

**G. Plaintiff Failed to Show Evidence of a Valid First Amendment Claim**

The First Amendment protects the rights of freedom of religion, press, speech, and assembly.[1] Mere arrest by police officers is not sufficient to bring a First Amendment claim. Rather, a plaintiff must show some evidence the arrest suppressed freedom of speech, religion, press, or assembly. *See Hollins v. City of Milwaukee*, 574 F.3d 822, 827-28 (7th Cir. 2009).

In his initial complaint, Plaintiff claimed the Defendants violated his First Amendment rights. The State and Fort Wayne Defendants maintain that Plaintiff proffered no facts to support a First Amendment claim. Plaintiff's responds vaguely that his "federal rights" were violated and the Defendants participated in an "illegal traffic stop," "illegal searching," and "physical excessive force." Absent are any allegations the officers deprived Plaintiff of his freedom of speech or other First Amendment right. Plaintiff's claims for illegal search and seizure and excessive force are analyzed under the Fourth and Fourteenth Amendment.

As such, the Court enters summary judgment for all defendants regarding Plaintiff's First Amendment claims.

**H. Plaintiff Failed to Meet Burden of Proof Showing a Fourth Amendment Violation**

**(1)** *Plaintiff's Illegal Search Claim is Barred by a Valid Criminal Conviction*

The Fourth Amendment to the Constitution protects against unreasonable searches and seizures, including police searches without probable cause.[2] *See Terry v. Ohio*, 392 U.S. 1, 12–13 (1968). However, a valid conviction for a state criminal offense bars federal § 1983 claims that, if successful, would render that state conviction invalid. *Heck v. Humphrey*, 512 U.S. 477,

---

[1] U.S. CONST. amend. I ("Congress shall make no law . . . prohibiting the free exercise [of religion]; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

[2] U.S. CONST amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.").

486–87 (1994). Such a conviction must first be reversed or declared invalid by an authorized legal body to allow the § 1983 action. *Id*.

Here, Plaintiff asserts Indiana State Troopers and Fort Wayne police stopped and searched him without probable cause. He claims damages, including emotional distress. State and Fort Wayne Defendants counter that these claims are barred by Plaintiff's valid Indiana conviction for marijuana possession that resulted from the search. Motor vehicle records and Indiana court documents verify this conviction. Plaintiff contends his guilty plea is not valid, but does not offer evidence that an Indiana court or other Indiana authority reversed or invalidated the conviction. This Court's finding of a search lacking probable cause under §1983 would render Indiana's conviction invalid, as the exclusionary rule suppresses all evidence seized by searches lacking probable cause. Therefore, the Court enters summary judgment for all Defendants regarding Plaintiff's claims that his search lacked probable cause

**(2)** ***Plaintiff Failed to Meet Burden of Proof Showing Excessive Force During Arrest***

Police searches using excessive force during arrest violate the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Whether a search included excessive force is examined under the "objective reasonableness" standard. *Id*. at 396-97. The force used must be viewed through the lens of a reasonable officer at the scene, and courts must allow for the fact that police often must make split-second judgments in tense situations. *Id.* at *396*. The force used must be reasonable in light of all the circumstances. *Id*. "Not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. (citation omitted).

9

Plaintiff contends that after his initial arrest, Troopers Ward and Teusch, along with Fort Wayne officers, roughly searched him and shoved him back into the state police car. Troopers Ward and Teusch counter that their physical acts towards Plaintiff were minimal, reasonable under the circumstances, and did not violate the Fourth Amendment. Further, they maintain that Plaintiff's response failed to identify specific issues of fact for trial, entitling them to summary judgment. Officers Hoffman and Gerardot assert that Plaintiff offered no evidence they were present at the scene. The Allen County defendants declare there is no evidence that places them at the arrest scene.

Plaintiff failed to identify any facts during the arrest that give rise to an excessive force claim. Plaintiff testified both his voice and temper were raised during the arrest. A reasonable officer at the scene would be justified in perceiving Plaintiff as uncooperative and possibly a threat. Even after all reasonable inferences for Plaintiff, a "rough pat down" and "forcing into a police car" does not rise to the level of an excessive force claim. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 304 (7th Cir. 2011). Plaintiff's responses to the summary judgment motions fail to allege specific facts along those lines. As a result, the Court enters summary judgment for all Defendants regarding Plaintiff's claims of excessive force during arrest.

**(3)** *Plaintiff Failed to Meet the Burden of Proof for His Truck Damage Claims*

The Fourth Amendment provides a remedy when a citizen's property is unreasonably damaged during a police search. *Heft v. Moore*, 351 F.3d 278, 281 (7th Cir. 2003). Plaintiff testifies that during the traffic stop search, Defendants cut his truck seats and removed a fender, costing him $1,800 in repairs. Defendants counter that the marijuana was found stuffed between the truck seats and make no mention of seat cutting or fender removal.

10

In response to a summary judgment motion, the Plaintiff must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For an issue to be "genuine", the evidence must be such that a reasonable jury could return a verdict for the non-moving party. *Id.* The mere existence of a "scintilla" of evidence is not sufficient. *Id.* at 252. In his summary-judgment response, after eleven months of discovery, Plaintiff offered no photographs, repair bills, eyewitness testimony, or any other evidence of truck damage outside of his own testimony. With this lack of probative evidence, the Court finds no reasonable jury could conclude his truck was unreasonably damaged during the search. As such, the Court enters summary judgment for Defendants regarding Plaintiff's claims of unreasonable truck damage from the search.

**I. Plaintiff Raises No Claim Governed by the Eighth Amendment**

The Eighth Amendment protects against excessive fines, bail, and cruel and unusual punishment.[3] The Eighth Amendment claim can only arise from state actions after a criminal conviction. *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). In his initial complaint, Plaintiff claimed Defendants violated the Eighth Amendment. He alleges excessive force was used during his jail booking. State Defendants assert that Plaintiff showed no facts to support an Eighth Amendment claim. Plaintiff's response to the motion did not address the Eighth Amendment specifically, and made reference only to "federal rights." Since Plaintiff was not convicted at the time of his arrest and the jail events, the Fourth and Fourteenth Amendments apply, rather than the Eighth. *See Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). The Court therefore enters summary judgment for all Defendants regarding Plaintiff's Eighth Amendment claims.

---

[3] U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").

**J. Triable Issues of Fact Remain Regarding Plaintiff's Fourteenth Amendment Claim**

The Fourteenth Amendment provides, among other things, a guarantee against state deprivation of life, liberty, or property without due process of law.[4] In the case of pre-trial detainees, the Seventh Circuit incorporates the Eighth Amendment standard to define the extent of due process protection. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010).

As such, force applied in a good faith effort to restore discipline is permissible during pre-trial confinement. *Id*. Only force that is "unnecessary and wanton" and inflicted "maliciously and sadistically" violates the constitution. *Id*. Factors such as the need for force, amount of force used, threat perceived by the officer, efforts to temper the force's severity, and resulting injuries distinguish good-faith from malicious force. *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009).

**(1)** *Triable Issues of Fact Remain Regarding Possible Malicious Force by Trooper Teusch*

Plaintiff claims that he spun away from Trooper Teusch's search of his groin area during booking at the Allen County lockup. He further claims that Trooper Teusch, in concert with Allen County officers and Fort Wayne Officer Hoffman, took him to the ground and kicked, punched, and choked him. He alleges bruising and a persistent injury to his jaw. Trooper Teusch admits restraining Plaintiff's hands and finding a bag of marijuana shortly before Allen County officers fully searched Plaintiff. How much force Teusch and the Allen County officers used during the search, and the reasonableness of that force, is a triable issue of material fact.

---

[4] U.S. CONST. amend. XIV ("No State shall . . . deprive any person of life, liberty, or property, without due process of law.").

Consequently, the Court denies summary judgment for Trooper Teusch regarding Plaintiff's Fourteenth Amendment malicious force claims during his booking.[5]

**(2)** *Plaintiff Fails to Show Trooper Ward Was Present in the Lockup that Night*

Trooper Ward denies any presence at the Allen County lockup that night, and Plaintiff "cannot say for certain" he saw Trooper Ward. The jail logs show no presence of Trooper Ward in the lockup that night. Accordingly, the Court finds no reasonable jury could conclude Trooper Ward used malicious force against Plaintiff during his booking, and grants summary judgment for Trooper Ward for such claims.

**(3)** *Plaintiff Fails to Show that Fort Wayne Officers Hoffman and Gerardot Were at the Lockup During His Booking.*

Plaintiff claims Officer Hoffman and others violently beat him during booking at the Allen County lockup. The jail logs show Teusch brought in Plaintiff at 1 a.m., and Plaintiff's jail booking completed at 1:23 a.m. Officer Hoffman submitted his patrol log showing that at 1:15 a.m. he was responding to another dispatcher call and was arresting and transporting another individual until 1:45 a.m. The jail logs corroborate his patrol log. The jail logs show no presence of Officer Gerardot in the lockup until 2:25 a.m., an hour after Plaintiff's processing. Plaintiff did not respond to these factual issues and offers no evidence they are in error. Therefore, the Court finds no reasonable jury could find either Officer Hoffman or Officer Gerardot participated in any malicious force during Plaintiff's in-processing. The Court grants summary judgment for Officers Hoffman and Gerardot regarding Plaintiff's malicious force claims during booking.

---

[5] Allen County Defendants did not submit a motion for summary judgment for Plaintiff's jail booking claims. This is noted only for clarity.

**K. Orders**

In summary, the Court:

(1) DENIES OFFICER GERARDOT AND OFFICER HOFFMANS MOTION TO STRIKE (DE 155) as the contested matters did not affect the Court's determination and the motion is moot.

(2) GRANTS PARTIAL SUMMARY JUDGMENT FOR ALLEN COUNTY DEFENDANTS (DE 139) for Plaintiff's Fourth Amendment claims.

(3) GRANTS SUMMARY JUDGMENT FOR OFFICERS GERARDOT AND HOFFMAN (DE 143) regarding all Plaintiff's claims.

(4) GRANTS IN PART AND DENIES IN PART INDIANA STATE POLICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 136). In particular, the Court:

- GRANTS SUMMARY JUDGMENT FOR INDIANA STATE POLICE DEPARTMENT as it is not an entity liable to suit under the Eleventh Amendment
- GRANTS SUMMARY JUDGMENT FOR TROOPER WARD on all Plaintiff's claims.
- GRANTS SUMMARY JUDGMENT FOR TROOPER TEUSCH on Plaintiff's Fourth Amendment Claim.
- DENIES SUMMARY JUDGMENT FOR TROOPER TEUSCH on Plaintiff's Fourteenth Amendment Malicious Force Claim.

SO ORDERED on July 14, 2011.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE