UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| Anthony C. Martin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-CV-321 JVB |
| | ) | |
| Matthew Teusch, Jason Ward, Indiana State Police, Fort Wayne Officer Gerardot, Fort Wayne Officer Hoffman, Allen County Officers Cook, Petrie, Thomas, Wymer, Unknown Allen County Booking Officers, Allen County Sherriff's Department | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On July 29, 2011, Plaintiff filed a Motion to Reconsider the Court's order granting Defendants partial summary judgment on July 14, 2011. It is unclear on what specific grounds Plaintiff desires the Court to review its decision, though he generally alleges the Court did not draw inferences in his favor when ruling on Summary Judgment motions, and makes general allegations of discovery abuse against the Defendants. He asks the Court to reverse its earlier ruling and reinstate all his claims disposed of by summary judgment.

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). The Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

In his motion to reconsider, Plaintiff does not present any new facts that were not available earlier nor any new law so as to compel a reconsideration of the Court's decision. Nor has Plaintiff shown that the Court has patently misunderstood him, or has made a decision outside the adversarial issues presented by the parties. The Court will not "rehash" old arguments. Accordingly, Plaintiff's Motion to Reconsider [DE 178] is DENIED.

SO ORDERED on August 4, 2011.

  s/ Joseph S. Van Bokkelen_____
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE