UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTHONY C. MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 1:09-CV-321-TLS |
|  | ) |  |
| Matthew Teusch, Jason Ward, | ) |  |
| Indiana State Police, Fort Wayne Officer | ) |  |
| Gerardot, Fort Wayne Officer Hoffman, | ) |  |
| Allen County Officers Cook, | ) |  |
| Petrie, Thomas, Wymer, | ) |  |
| Unknown Allen County Booking Officers, | ) |  |
| Allen County Sherriff's Department | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

On July 1, 2011, the Plaintiff filed a Motion to Reconsider [ECF No. 170] the Court's deadline of April 30, 2010, to amend the Plaintiff's Complaint and to add the City of Fort Wayne as a Defendant. The City of Fort Wayne responded that the deadline to amend the Plaintiff's Complaint is long past, the Court gave Plaintiff ample opportunity to amend the Complaint, amendment at this late stage would unfairly prejudice the City of Fort Wayne, and no new information has come to light to support a claim against it.

The Plaintiff's filing is labeled: Rule 46 of the F.R.C.P Plaintiff's Objecting to Ruling/Order Plaintiff's Request for Court to Reconsider, Resurrect, or Reinstate Plaintiff's "Municipality" Claims. The Court looks to the substance, not the label, of a pro se filing to determine its character. *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004. Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *See*

*United States v. Roth*, 2010 WL 1541343 at*2 (E.D. Wis. Apr. 19, 2010); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). Rule 59(e) permits "a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence," but Rule 59(e) does not permit the presentation of new "evidence that could have been presented before judgment was entered." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). The Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In essence, a motion for reconsideration under Rule 59(e) "calls into question the correctness of the judgment." *Kladis v. Brezek*, 823 F.2d 1014, 1017 (7th Cir. 1987). A rule 59(e) motion may not be used simply to re-litigate issues that have already been decided. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 606, 512 (7th Cir. 2007).

In his Motion to Reconsider, the Plaintiff does not present any new facts that were not available earlier nor any new law so as to compel a reconsideration of the Court's decision. In fact, the Plaintiff did not cite any legal authority regarding the amendment deadline whatsoever in his Motion to Reconsider.[1] Nor has Plaintiff shown that the Court has patently misunderstood

---

[1] If the Court had instead considered the Plaintiff's Motion as a request to amend his complaint under Rule 15, it would likewise be denied because justice does not so require it at this late stage in the litigation. *See* Fed. R. Civ. P. 15(a)(2).

him, or has made a decision outside the adversarial issues presented by the parties. Accordingly, the Plaintiff's Motion to Reconsider [DE 170] is DENIED.

SO ORDERED on August 16, 2011.

                                                              s/ Theresa L. Springmann
                                                             THERESA L. SPRINGMANN
                                                             UNITED STATES DISTRICT COURT